# Messimer's Appeal.

Where a bill and answer in an equity suit simply present the ordinary case of property claimed by one party in possession of another party, it is a mere ejectment bill, and there is nothing to give a court of equity jurisdiction.

November 17th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Appeal from the Court of Common Pleas of *Butler county :* Of October and November Term 1876, No. 234. In Equity.

Bill in equity filed by W. F. Messimer and D. C. Backus,

partners, as Messimer & Backus, against P. A. Templeton, J. Y. Foster and William Templeton.

The following opinion of Bredin, P. J., sufficiently states the case:

"The plaintiffs' bill sets forth nothing that brings his case within the equity jurisdiction of the court.

"His bill alleges: That Roland Island and A. H. Williams were owners of the undivided one-fourth of a certain lease for oil purposes, and of the engine and other fixtures necessary to a pumping-well on said lease. That plaintiffs by virtue of a sheriff's sale became the owners of said interest, but that defendants who are in possession of said lease and well refuse to recognise plaintiffs' right or account to them for their share of the profits of said well, &c.

"Wherefore they pray:

"That defendants be restrained by injunction from selling any of said property. And ordered to account to them for oil produced since their purchase at sheriff's sale. And also pray for a receiver to take charge of said well, and for costs.

"This bill could have been safely demurred to for want of jurisdiction.

"The defendants in their answer admit that plaintiffs became the owners of the undivided eighth belonging to Island, but claim that Williams's eighth had before sheriff's sale been purchased by one of defendants, and belonged to said William Templeton, and they aver their readiness to account for the eighth of the proceeds of the well, and pray that plaintiffs' bill be dismissed, and for their costs.

"The answer does not aid the bill or supply any of its deficiencies. The case presented on bill and answer is simply the ordinary case of property claimed by one party, plaintiff, in the possession of another party, defendant. The parties stand in no relation to each other that would give us jurisdiction, and there is no complication of accounts or other ground of equitable relief. The bill must therefore be dismissed.

"And now, to wit: July 20th 1876, after hearing and argument on exceptions to the report of the master, the court dismiss plaintiffs' bill for want of jurisdiction, and direct the costs, except the costs of defendants' witnesses, be paid by the plaintiffs."

The plaintiffs took this writ, and alleged that the court erred:

1. In not decreeing Williams's sale and Templeton's purchase fraudulent and void as to the plaintiffs. 2. In not decreeing that the plaintiffs took title to the whole undivided one-fourth owned by Island and Williams in said well, &c., by their purchase at sheriff's sale. 3. In not decreeing that P. A. Templeton and J. Y. Foster account to the plaintiffs. 4. In dismissing the plaintiffs' bill.

[Messimer's Appeal.]

*Thompson & Scott*, for appellants.—For the purpose of enforcing their rights, and compelling their partners to account to them for their portion of the proceeds or profits of said partnership, the remedy was either by an action of account render or by bill in equity. Ejectment would not have been a proper remedy, neither could it have been maintained; the possession of P. A. Templeton and J. Y. Foster, their tenants in common and partners, was the possession of the plaintiff; neither one was entitled to maintain ejectment against the other for any purpose. It was with a view of compelling P. A. Templeton and J. Y. Foster to account for and pay over to the plaintiffs their share of the profits this bill was filed, and not for the possession of the well or leasehold.

*W. D. Brandon*, for appellees.—The only question to be decided here is, whether the court below erred in dismissing the plaintiffs' bill for the reason given. The plaintiffs' complaint is, "that the defendants refuse to recognise their claim and title" to the undivided one-fourth interest in the property, and consequently do not account to them for the proceeds. The whole testimony before the master relates to title, not a word about the amount of the production, proceeds or expenses. The question of account or other equitable relief was not raised or heard of after the filing of plaintiffs' bill and appointment of a receiver, of which no record even seems to exist. The master's report deals only with the question of title, and his chief error was in not dismissing the plaintiffs' bill as prayed for by defendants, because to sustain it he must decree the title to be in the plaintiffs. It is then properly a question of title. There are no mutual, disputed or complicated accounts, no discovery sought, no ground whatever for equitable relief.

The remedy of the plaintiffs was by ejectment: Gloninger *v.* Hazard, 6 Wright 389; North Pennsylvania Coal Co. *v.* Snowden, 6 Id. 488; Rhea *v.* Forsythe, 1 Id. 503; Mammoth Vein Coal Co.'s Appeal, 4 P. F. Smith 183. The simple denial by the co-tenants in possession, of the plaintiffs' right and title on demand made, is conclusive against jurisdiction until the right has been established at law, and is sufficient to warrant his ejectment. Cases above cited; also Law *v.* Patterson, 1 W. & S. 190; McMahan *v.* McMahan, 1 Harris 376. [See succeeding case, Long's Appeal, *post*, p. 171.—REP.]

The judgment of the Supreme Court was entered November 28th 1879,

PER CURIAM.—We agree entirely in the opinion of Judge Bredin that, "the case presented on bill and answer is simply the ordinary case of property claimed by one party, plaintiff, in the possession

[Messimer's Appeal.]

of another party, defendant." It is a mere ejectment bill, and there is nothing to give a court of equity jurisdiction.

Decree affirmed, and appeal dismissed at the costs of the appellant.