T. R. THOMAS ET AL. v. E. M. HUKILL.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY, IN EQUITY.

Argued November 7, 1889—Decided January 6, 1890.

1. Where a bill in equity was filed by a second lessee of oil lands, out of possession, alleging a forfeiture incurred by a prior lessee, in possession, for failure to perform his covenants, praying for an injunction to restrain further operations, for a decree declaring the prior lease void, and for an account, it was not error to dismiss the bill, the plaintiff having an adequate remedy at law.

2. Moreover, while the proceeding was in form a bill in equity, it was in substance a possessory action, involving the title to land in another state; in such case, a decree of this court could affect the persons of the litigants only, and, not controlling the title or possession of the land in the other state, the exercise of such jurisdiction would be of at least doubtful propriety.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, MCCOLLUM and MITCHELL, JJ.

No. 235 October Term 1889, Sup. Ct.; court below, No. 351 July Term 1889, C. P. No. 2. in Equity.

On July 8, 1889, T. R. Thomas, J. B. Van Wagner, F. C.

Milliken and G. V. Milliken filed a bill in equity against E. M. Hukill, averring in substance as follows:

1. On August 11, 1885, William P. Core, of the county of Monongalia, state of West Virginia, executed and delivered to John Kennedy and J. W. Long, a lease for the sole purpose of drilling for oil and transporting the same, upon a certain tract of land situate in Cass township, Monongalia county, West Virginia, containing 131 acres. By writing dated September 29, 1885, the lessees assigned the lease to E. M. Hukill.

2. The lease provided that the lessees should commence operations within one year from the execution thereof, or thereafter pay to the lessor $5.50 each month until work should be commenced; and a failure on the part of the lessees to comply with either one or the other of the above conditions should work an absolute forfeiture of the lease. E. M. Hukill, lessee, did not commence operations within one year from the date of the execution of the lease, nor did he pay to the lessor the sum of $5.50 a month; whereupon William P. Core, the lessor, declared the lease forfeited.

3. On March 7, 1888, William P. Core leased the above described property to O. B. Ryall, for the sole purpose of drilling for oil and gas for the term of two years, and as long thereafter as gas and oil were found in paying quantities. On March 10, 1888, O. B. Ryall, the lessee, transferred this lease to the plaintiffs; and the plaintiffs, since the making of the lease last mentioned, have fully complied with all its covenants and conditions.

4. That defendant, notwithstanding the forfeiture of his lease and the making of the new lease to the plaintiffs, asserts title to the premises under his forfeited lease, and has begun to drill for oil and gas for his own benefit, although he had received full notice from the plaintiffs of their title to the premises.

5. That at the time of the forfeiture of the defendant's lease, the right to the property was of but little value; on account of recent discoveries, however, the right is now of great value; that the lease to the defendant is a cloud upon the title of the plaintiffs; that, under the term of their lease, the plaintiffs have no right to the possession of the premises, except for the purpose of drilling for oil and gas; nor have they yet entered

for the purpose mentioned in their lease, and, therefore, have no remedy by action at law to determine the title to the gas and oil.

6. That the defendant is now drilling wells, and threatens to take from the premises of the plaintiffs the oil and gas, and by so doing is destroying, or greatly injuring the value of the plaintiffs' right.

7. That the plaintiffs, as well as the defendant, are citizens of the state of Pennsylvania and residents of the county of Allegheny.

Upon these averments the plaintiffs prayed for relief, as follows: 1. For an injunction restraining the defendant, his agents and servants, from any further entry upon said premises, and from all further drilling or operation thereupon for oil or gas, and from assigning or transferring the lease. 2. For a decree declaring the said lease to defendant void and of no effect, and that the same be delivered up for cancellation; and 3. For general relief.

On September 9, 1889, the plaintiffs, with leave of court, amended their bill of complaint by adding the following section:

8. That since the filing of the original bill, the defendant has drilled upon the premises of the plaintiffs two oil wells, from which are being taken 700 barrels of oil a day.

The following prayer for relief was added: That an account may be taken by a master, appointed by the court, of the petroleum so produced and taken away by the defendant, that the value thereof may be assessed, and that the defendant may be decreed to pay over the sum so assessed to the plaintiffs.

To the foregoing bill the defendant filed a demurrer, assigning the following as the grounds thereof:

1. The plaintiffs have not, in and by their said bill, made or stated such a case as doth or ought to entitle them to the relief thereby sought, or give the court jurisdiction in equity.

2. The subject matter of the controversy is situate in the state of West Virginia, and the complaint of the bill involves a question of title to, or possession of property situated in that state, and this court has no jurisdiction.

3. That the bill does not set forth that the lease of August 11, 1885, had been forfeited or declared forfeited, prior to the alleged lease of March 7, 1888.

4. The allegation in the bill, that defendant failed to pay $5.50 per month, may mean simply that payments were not made monthly or each month, and this would not work a forfeiture of the lease.

5. That if the conditions of the lease of August 11, 1885, were broken, as alleged, the lessor and not the plaintiffs, could take advantage of such breach or breaches.

6. The plaintiffs have an adequate remedy at law for the grievances complained of in the bill, and this court has no jurisdiction of the subject matter.

On September 11, 1889, the court, EWING, P. J., filed the following opinion :

The fact that the land, concerning which the dispute arises in this case, lies in West Virginia, does not necessarily prevent jurisdiction of the dispute, the parties all being residents of this county and subject to the jurisdiction of the court. The question is, as to whether or not the questions as raised by the bill and demurrer are cognizable in equity.

The demurrer admits all the allegations contained in the bill. The defendant's lease or license to bore for oil was made August 11, 1885. He covenanted to give to the lessor, Core, one ninth of the oil produced ; to begin operations within one year from the execution of the lease, or thereafter to pay Core, the lessor, $5.50 per month, until work should be commenced ; and a failure on the part of said second party, Hukill, to comply with either one or the other of the foregoing conditions, shall work an absolute forfeiture of this lease. The bill asserts, and the demurrer admits, that the defendant, the lessee, wholly failed to commence operations for said purpose within one year from and after the date of the execution of said lease, and wholly failed thereafter to pay to the said lessor the sum of $5.50 per month ; that the said William P. Core thereafter declared the lease forfeited, and that on March 7, 1888, the said W. P. Core granted, demised and leased the said premises for the purpose of drilling for oil, etc., to O. B. Ryall, the assignor of plaintiffs. This being so, we are of the opinion that the first lease was forfeited.

The bill is an assertion that at no time up to the filing of the bill was the $5.50 paid ; " wholly failed thereafter to pay." It

is possible that the lessor, while he held the entire title, might have sued and recovered the $5.50 per month, but the making a new lease in March, 1888, was acting on the condition in the lease of 1885, which on failure ipso facto made it absolutely void. We have then a lease held by the complainants which entitles them to enter on this tract of land and bore for oil and gas. And the defendant is a trespasser boring for and obtaining oil. It is not pretended that the defendant is now or is likely to be insolvent.

We are of the opinion that the plaintiffs have an adequate remedy at law, either by an action of ejectment in the courts of West Virginia, or by an action at law for damages. See Code of West Va., 682, § 5; and provisions for recovering damages. This case seems to us to be governed by the case of Stewart's App., 78 Pa. 88, and kindred cases.

Decree : This case came on to be heard on bill of complainants and demurrer of defendant and, after argument by counsel and after consideration, it is now, September 11, 1889, adjudged and decreed that the bill of complainants be, and it is hereby dismissed for want of jurisdiction in that the complainants have an adequate remedy at law.

The foregoing decree having been entered, the plaintiffs took this appeal, specifying that the court erred: 1. In dismissing the bill. 2. In making the said decree. 3. In not overruling the defendant's demurrer, and in making the decree as prayed for in the plaintiffs' bill.

*Mr. George Shiras, Jr.* (with him *Mr. W. K. Shiras* and *Mr. C. C. Dickey*), for the appellants.

Counsel cited: Mitchell v. Bunch, 2 Paige 606 (22 Am. Dec. 669); Vaughan v. Barclay, 6 Wh. 392; Lord Baltimore's Case, Bispham's Eq., § 47 ; Penn v. Baltimore, 2 Lead. Cas. Eq. 767; Muller v. Dows, 4 Otto 444; McElrath v. Pittsburgh etc. R. Co., 55 Pa. 189; Brown v. Vandergrift, 80 Pa. 142; Galey v. Kellerman, 123 Pa. 491; Stewart's App., 78 Pa. 88; Martin v. Graves, 5 Allen 601; Kennedy v. Kennedy, 43 Pa. 417; Bispham's Eq., § 474; Allison's App., 77 Pa. 221; Story's Eq. Jur., § 33; Wylie v. Coxe, 15 How. 415; Garrison v. Insurance Co., 19 How. 312; May v. LeClaire, 11 Wall. 217;

Brush Elec. Co.'s App., 114 Pa. 574; Bierbower's App., 107 Pa. 14; Earley's App., 121 Pa. 496; Ferguson's App., 117 Pa. 426; Hacke's App., 101 Pa. 245; Bitting's App., 105 Pa. 517.

*Mr. John M. Kennedy* (with him *Mr. M. F. Elliott* and *Mr. James C. Doty*), for the appellee.

Counsel cited: Bowyer v. Seymour, 13 W. Va. 12; Pittsburgh etc. Drove Yard Co.'s App., 123 Pa. 250; Witten v. St. Clair, 27 W. Va. 762; Haines's App., 73 Pa. 169; Barclay's App., 93 Pa. 50; Long's App., 92 Pa. 171; Richard's App., 100 Pa. 51; Killian v. Ebbinghaus, 110 U. S. 568; North Penna. Coal Co. v. Snowden, 42 Pa. 488; Messimer's App., 92 Pa. 168; Meck's App., 97 Pa. 313; Jones v. Fox, 20 W. Va. 370; 4 Minor's Institutes, 594.

PER CURIAM:

The learned judge below held that he had jurisdiction of the subject-matter of this controversy, notwithstanding it was real estate situated in West Virginia, from the fact that the parties, plaintiffs and defendant, were residents of the county of Allegheny. He dismissed the bill, however, upon the ground that it was an ejectment bill, and that the plaintiffs had an adequate remedy at law, either by an action of ejectment in the courts of West Virginia, or in an action at law for damages, and cited Stewart's Appeal, 78 Pa. 88. We entirely agree with the conclusion of the learned judge, and are not disposed to criticise his reasons therefor, further than to say that, while it is true the residence of all the parties in the county of Allegheny gave the court jurisdiction over them, the fact of the subject-matter of the controversy being real estate situate in another state rendered the exercise of such jurisdiction of at least doubtful propriety. While the proceeding was in form a bill in equity, it was in substance a possessory action, involving the title to real estate. In such case a decree of this court could only affect the persons of the litigants; it could not control the title or possession of a tract of land in West Virginia.

The decree is affirmed, and the appeal dismissed, at the costs of the appellants.