# Goss, Appellant, *v.* Spencer.

*Equity—Equity jurisdiction—Equity practice—Pleading—Answer—Decision in limine—Act of June 7, 1907, P. L. 440—Ejectment bill—Certification to law side.*

1. Where an answer to a bill in equity avers "that the said bill of complaint is a mere ejectment bill, raising only the question of the naked title to the right of possession of the land described in said bill, that it does not set forth any equitable jurisdiction of this case, and this court has not jurisdiction," the provision of the

Act of June 7, 1907, P. L. 440, that "if a demurrer or answer be filed averring that the suit should have been brought at law, that issue shall be decided in limine," is sufficiently complied with and the court has jurisdiction to determine the sufficiency of the bill in limine.

2. Equity has no jurisdiction of a bill filed by a plaintiff out of possession of certain real property and claiming legal title to the same based upon the alleged nullity of a certain deed, where defendant claims upon the alleged validity of the same deed, and where the bill prays that defendant, who is in possession, be restrained from asserting such possession. Such a case is a plain dispute concerning legal title and possession, in which an action of ejectment affords a complete remedy at law, to be first invoked before going into equity for incidental relief. It is not error for the court to certify such a case to the law side of the court as an action of ejectment.

Argued March 16, 1914. Appeal, No. 340, Jan. T., 1913, by plaintiff, from decree of C. P. Bradford Co., Sept. T., 1912, No. 5, in equity, certifying case to law side of the court in case of Helen L. Goss v. Nelson D. Spencer. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity to remove cloud from title to land.

FULLER, P. J., specially presiding, filed the following opinion:

The answer is prefaced by the averment "that the said bill of complaint is a mere ejectment bill, raising only the question of the naked title to the right of possession of the land described in said bill, that it does not set forth any equitable jurisdiction of this case, and this court has not jurisdiction."

This does not explicitly aver "that the suit should have been brought at law," as provided in the in limine Act of June 7, 1907, P. L. 440, but it does so aver in substance, and the plaintiff interposes no objection on this point.

If the bill were based entirely upon the proposition that the deed from husband and wife to the husband was

a nullity with recognition, however, of defendant's right to have present possession as tenant by the curtesy, and with a prayer only for cancellation, we would be inclined to find jurisdiction as in case of an ordinary bill quia timet.

But the bill goes farther, by averring in the fifth paragraph "that by the defendant's acts and perverse and unlawful conduct he should justly forfeit and be estopped from claiming even his life use of said lands by the curtesy of England, and your orator contends all the defendant's rights have been so defeated," and by including the prayer, "(c) that the said Nelson D. Spencer be decreed by his acts and conduct to have forfeited his rights as tenant by the curtesy of England in the said premises, and that he be estopped from asserting any title or ownership not only in the title of said lands but to all use and possession of the same."

The situation then is this:

Plaintiff claims legal title to the property, basing the claim upon the alleged nullity of a certain deed; defendant also claims legal title, basing the claim upon the alleged validity of the said deed; plaintiff is out of possession, asserting right to have possession, and praying that defendant, who is in possession be restrained from asserting such possession.

The case resolves itself, therefore, into a plain dispute concerning the legal title and possession, in which an action of ejectment affords a complete remedy at law, to be first invoked before coming into equity for incidental relief.

(b) Deciding, therefore, that the suit should have been brought at law, we certify the cause to the law side of the court as an action of ejectment, at the cost of the plaintiff.

The court certified the case to the law side of the court as an action of ejectment. Plaintiff appealed.

*Error assigned* was in certifying the case to the law side of the court.

*J. Roy Lilley,* of *Lilley & Wilson,* for appellant.

*Charles M. Culver,* with him *J. C. Ingham,* for appellee.

PER CURIAM, March 30, 1914:

The decree appealed from is affirmed for the reason stated in the opinion of Judge FULLER, specially presiding.