# Shapiro, Appellant, *v.* Press et al.

*Equity—Equity jurisdiction—Ejectment—Assumpsit — Remedy at law.*

A plaintiff filed a bill in equity averring that the defendants had failed to rent him a store room in addition to that already leased to him, and that defendants' workmen, while making repairs, had damaged his property. The prayers of the bill for relief were that the defendants be ordered to increase the depth of the leased premises, pay for the injuries complained of, and that they be enjoined from proceeding by levy and distress to collect the rent under the lease.

*Held,* that the first prayer for relief asked the court to determine the strictly legal rights of parties in possession of land and that the bill, so far as this branch of the case was concerned, was an ejectment bill and that the court was without jurisdiction, upon the facts in the bill averred, to determine the rights of the parties in the proceeding; that the injury sought to be redressed by the second prayer for relief was devoid of any feature which could confer jurisdiction upon a court of equity, and that the third prayer for relief was without merit as the plaintiff had an adequate remedy at law.

Argued October 22, 1920. Appeal, No. 240, Oct. T., 1920, by plaintiff, from decree of C. P. No. 1, Phila. Co., March T., 1920, No. 2845, dismissing bill in equity in the case of Philip Shapiro v. Abraham Press, Simon Press and Joseph Press, trading as I. Press & Sons. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Bill in equity for specific performance and an injunction.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill. Plaintiff appealed.

*Error assigned* was the decree of the court.

*Robert P. Shick,* for appellant.—The case was one in which the plaintiff was entitled to equitable relief: Edison Illuminating Co. v. Eastern Penna. Power Co., 23 Pa. D. R. 475; Gray v. Citizens' Gas Company, 206 Pa. 303; Cook v. Carpenter (No. 1), 212 Pa. 165; Edison Illuminating Co. v. Eastern Pennsylvania Power Co., 23 Pa. D. R. 475; affirmed and approved in 253 Pa. 457; Lehigh Valley R. R. Co. v. Graham, 64 Pa. Superior Ct. 437 at 450.

*Stanley Folz,* of *Sundheim, Folz & Sundheim,* for appellee, cited: Williams et al. v. Fowler, 201 Pa. 336; Rice v. Ruckle, 225 Pa. 231; Baer v. Wilmoth, 39 Pa. Superior Ct. 74; Goss v. Spencer, 245 Pa. 12; Minnich v. Kauffman, 265 Pa. 321.

OPINION BY PORTER, J., March 5, 1921:

The plaintiff filed a bill in equity averring, in substance, that the defendants were the owners of a large building, used as stores and offices, at the northwest corner of Eighth and Chestnut streets, in the City of Philadelphia; that he (plaintiff) became a tenant, in 1918, of one of the stores, No. 46 South Eighth street, under a lease expiring in September, 1921; that in the latter part of 1919 the defendants began the construction of certain additions and alterations upon their property; that on January 14, 1920, the defendants, by their agent, entered into a written agreement with the plaintiff leasing to the latter a part of the said premises, for the term of five years from the 15th day of March, 1920, for the total rental of $22,500, payable in monthly installments, of $375, in advance; the part of the premises which was the subject of this lease being "All that certain space, containing approximately twenty-five feet on Eighth street and extending of that width in depth, seventy-five feet, being known and numbered as Nos. 44 and 46 South Eighth St."; that prior to the execution of the new lease the store No. 46 South Eighth street, which was

then occupied by the plaintiff under his former lease, had been fifty feet deep, which depth was increased, by the covenants of the new lease, to seventy-five feet, thus adding twenty-five feet to the depth of that store; that the defendants agreed that if the plaintiff would execute a new lease and surrender the balance of his term under the old lease they would pay him $750 in consideration of such surrender; and that, relying upon the covenant of the lease increasing the depth of the store No. 46 South Eighth street and the parol contract of the defendants to pay him $750 in consideration of the surrender of the remainder of his term under the prior lease, the plaintiff executed the new lease and surrendered the lease of 1918. The bill further averred that the defendants subsequently refused to pay him the $750 which they had agreed to pay for the surrender of his rights under the lease of 1918 and failed and refused to extend the depth of the store No. 46 South Eighth street to seventy-five feet and give him possession of part of the space called for by the lease of January 14, 1920. The bill averred, in addition, that the workmen employed by the defendants in making the repairs in and about the building had carelessly and negligently damaged the furniture and fixtures belonging to the plaintiff in the store No. 46 South Eighth street to the amount of $195.20. The prayers of the bill for relief were: 1. That the defendants be ordered and directed to increase the depth of the store No. 46 South Eighth street, from its present depth of about fifty feet, to the depth of seventy-five feet called for by the covenants of the lease of January 14, 1920, so that the plaintiff may have possession of the space fronting twenty-five feet on Eighth street and a depth of seventy-five feet, as by the lease covenanted. 2. That the defendants be ordered and directed to pay the $750 which they agreed to pay for the surrender of the lease of 1918, and to pay the sum of $195.20 for the injuries to plaintiff's furniture and fixtures caused by the negligence of defendants' employees.

3. That the defendants be enjoined and restrained from proceeding by levy or distraint for rent to collect the rental of $375 per month, to become due under the terms of the lease, until they have performed their covenants and undertakings, and made settlement for the damages to plaintiff's furniture and fixtures.  The defendants demurred to the.bill, alleging, among other grounds of demurrer: 4. That the court has no jurisdiction of the said bill.  5.  So far as the first prayer for relief is concerned, the bill is an ejectment bill, and the plaintiff has an adequate remedy at law.  6.  That the plaintiff has an adequate remedy at law for the recovery of any sum due him by the defendants.  7.  So far as the second prayer for relief is concerned, the plaintiff has an adequate remedy at law by an action of assumpsit.  8.  The court has no jurisdiction to enjoin or restrain a levy or distraint for rent.  The court below sustained the demurrer, upon the ground that all the matters complained of in the bill may be remedied in appropriate proceedings at law, and entered a decree dismissing the bill.  The plaintiff appeals from that decree.

The plaintiff is in possession of all of the store No. 44 South Eighth street and of the store No. 46 South Eighth street to a depth of fifty feet.  He asserts that he is entitled to the possession of twenty-five feet additional depth of space, in connection with the latter store.  The averments of the bill make it clear that the plaintiff never was in possession of the additional space which he asserts the right to occupy and possession of which he seeks by this proceeding to obtain.  He does not suggest that there was any mistake in drafting the covenants of the written lease, but, on the contrary, avers that it is a correct statement of the covenants of the parties.  He does not allege that he was induced by fraud to enter into the covenants of the lease.  The bill contains no averment which gives the plaintiff standing to assert his rights in a court of equity.  The first prayer for relief seeks to have the court determine the strictly

legal rights of these parties to possession of land. The bill, so far as this branch of the case is concerned, is an ejectment bill, and the court was without jurisdiction, upon the facts in the bill averred, to determine the rights of the parties in this proceeding: North Pennsylvania Coal Co. v. Snowden, 42 Pa. 488; Goss v. Spencer, 245 Pa. 12; Fredericks v. Huber, 180 Pa. 572; Minnich v. Kauffman, 265 Pa. 321. The injury which the plaintiff seeks to have redressed by the second prayer for relief is absolutely devoid of any feature which could confer jurisdiction upon a court of equity. If the defendants promised to pay the plaintiff $750 in consideration of his surrendering his old lease and entering into a new one, it was a plain promise to pay a specified sum of money, and the proper way to enforce it is by action of assumpsit. If the employees of the defendants negligently damaged the furniture and fixtures of the plaintiff to the amount of $195.20, the proper way to enforce the obligation of the defendants to compensate plaintiff for the injury is by an action of trespass. The third prayer for relief cannot avail the plaintiff in invoking the jurisdiction of a chancellor, for he is not without a remedy at law in case the defendants make an unlawful distraint for rent. If the defendants have leased to the plaintiff premises and have given to him possession of only part of the same, then, if the contract is entire they can recover no rent, and, if the rental for the different portions of the premises is severable, they can recover only the rent for the part of which they have given him possession: McClurg v. Price, 59 Pa. 420; Joyce v. Lynch, 2 Atlantic 494; Allegaert v. Smart, 10 W. N. C. 29. Should the defendants distrain for rent when none is due, or for more than is due, the remedy of the plaintiff is replevin, or trespass. The court below did not err in holding that the plaintiff had adequate remedies at law and that the matters complained of were not cognizable in equity. The three alleged wrongs for which the plaintiff sought remedies in this proceeding were

essentially distinct and rested on different grounds. Each must be adjudicated on its own evidence without any reference to the other. Had the court certified the case to the law side, as provided by the Act of June 7, 1907, P. L. 440, the plaintiff would have been placed in the position of trying, in one proceeding, an action of ejectment, an action of assumpsit and an action of trespass. These considerations probably led the learned counsel for the plaintiff to refrain from moving the court to certify the case to the law side, under the provisions of the Act of June 7, 1907. Because of the multifarious character of the relief sought, and the court not having been moved to certify the case to the law side, the decree ought not to be reversed upon the ground of its failure to so certify: Drum v. Dinkelacker, 262 Pa. 395. The plaintiff had adequate remedies at law for all the wrongs which he asserted. His rights were based upon distinct grounds, not dependent upon each other, they could not be enforced in a single action at law and the appellant was not aggrieved by the failure of the court to certify the inharmonious mass to the law side for trial. The case could not have been tried in a single proceeding at law.

The judgment is affirmed and the appeal dismissed at cost of the appellant.