Kurtz et al., Appellant, v. Enterprise Telephone Co.

Argued November 13, 1933.

Before Trexler, P. J., Keller, Baldrige, Stadtfeld, Parker and James, JJ.

*Harris C. Arnold,* for appellants.

*John E. Malone,* and with him *G. T. Hambright,* for appellee.

Opinion by Keller, J., February 1, 1934:

The complainants in this case filed a bill in equity to enjoin the defendant, its agents, employees and workmen, from going on premises described in the bill,

belonging to them, the complainants, and erecting, renewing or repairing the telephone pole line which the defendant had constructed thereon twenty-two years before and maintained ever since.

Within eight days after the filing of the bill and the issuing of a preliminary injunction thereunder, the defendant filed an answer raising as a preliminary objection to the bill, that "the exclusive remedy of the plaintiffs is at law by an action of ejectment." See Act of June 7, 1907, P. L. 440.

The court overruled the preliminary objection and directed the defendant to answer on the merits.

This was done, and the case was heard on bill, answer and testimony, and after due consideration a decree was entered that the injunction be dissolved and the bill dismissed, on the ground that the weight of the evidence did not support the averments of the bill.

Complainants have appealed.

We need not discuss the propriety of the entry of this decree for we are of opinion that the preliminary objection of the defendant to the bill as an ejectment bill should have been sustained.

The defendant was in actual possession of so much of the land as was occupied by the pole line and had been for over twenty-one years. The real purpose of the bill was to eject the defendant from that possession. Hence complainants' remedy was by action of ejectment: Washburn's App., 105 Pa. 480; O'Neil v. McKeesport, 201 Pa. 386, 50 A. 920; Thomas v. Hukill, 131 Pa. 298, 18 A. 875; Grubb's App., 90 Pa. 228; Tillmes v. Marsh, 67 Pa. 507; Goss v. Spencer, 245 Pa. 12, 91 A. 215; Messimer's App., 92 Pa. 168. There is nothing in the case of Bradley v. American Tel. & Tel. Co., 54 Pa. Superior Ct. 388, relied on by appellant to the contrary. That was an action in ejectment, as this should have been.

The defendant has consistently maintained that

equity had no jurisdiction of the controversy. It is not prevented from pressing the point here because it did not appeal from the order of the court dismissing the preliminary objection to the bill, under the Act of March 5, 1925, P. L. 23.

The objection was not to the jurisdiction of the defendant's person, as by some failure to serve the process properly, but to the subject matter of the suit; that equity had no jurisdiction because there was an adequate remedy at law. In the latter case, the defendant is not precluded from raising the jurisdictional question after final decree by reason of a failure to appeal within fifteen days under the Act of 1925: Wettengel v. Robinson, 288 Pa. 362, 367, 136 A. 673.

For these reasons the appeal is dismissed, but the cause is remitted to the court below with directions to transfer it to the law side of the court; the costs in the cause to abide the final determination thereof in the court of law. See Act of 1909, supra, sec. 3, p. 441.