## Globe Solvents, Inc. et al. v. Nouskhajian Trustee, et al. (Kerbeck, Appellant).

Argued October 21, 1941,

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*Edward E. Dicker,* for appellant.

*Louis Greenblatt,* with him *John N. Ouzounian,* for appellee.

OPINION BY RHODES, J., March 2, 1942:

Appellant, an intervening defendant, attempts by this appeal (1) to question the standing of plaintiffs to institute a suit in equity, and (2) to bring up the absence of a hearing on the issues raised by the bill in equity and the answer and the failure of the lower court to file an adjudication, on exceptions to an order of distribution of a receiver which were dismissed by the court below. Appellant, as a party on the record, by his delay in acting cannot avoid all responsibility for the situation of which he complains. He too is chargeable with knowledge of the Rules of Equity Practice. We are unable to approve of appellant's purpose which, if attained, would produce no equitable results or reestablish any condition favorable to appellant or anyone else. Regardless of the correctness of the procedure in all of its respective steps, what has been done is an accomplished fact which has its inception in an agreement between the original parties that a receiver be appointed after bill and answer had been filed.

This action was commenced by a bill in equity filed on March 8, 1938, by plaintiffs, two general creditors, against the defendant, as trustee, trading as O. K. Dry Cleaners & Dyers, and others unknown. The bill averred, inter alia, that the defendant operated, as trustee, the business of dry cleaning and dyeing under a written contract; that the contract created a partnership among the shareholders; that the partnership was insolvent and unable to meet its obligations; that the defendant had reduced the capital of said partnership

by making distributions in cash to certain partners at various times with intent to hinder, delay, and defraud creditors and in preference of some partners over others. An answer was filed by defendant in which most of the averments in the bill were denied, but it was admitted that certain payments had been made to the certificate holders which, it was said, did not reduce the assets of the trust. Thereafter, on March 18, 1938, when the matter came before the court below a stipulation was filed by counsel for plaintiffs and defendant that a receiver be appointed. On that date the court below accordingly appointed a receiver who was satisfactory to both plaintiffs and defendant. The receiver qualified and took over the business. Appraisers were appointed who filed an inventory and appraisement. On May 15, 1938, the receiver's first report was filed, and he was granted leave to continue the business. On June 1, 1938, Rose Kerbeck and John Kerbeck (the appellant) filed a petition for leave to intervene. This was allowed. Preliminary objections to the bill in equity were filed on June 16, 1938, by intervening defendants in which they set forth that plaintiffs had a full, complete, and adequate remedy at law, and that as defendant was an individual the court below was without authority to appoint a receiver for his property. The objections were argued and overruled, and the intervening defendants adopted the answer which had previously been filed by the defendant as their answer. On June 16, 1938, the court directed the receiver to file an account, which order was complied with on June 27, 1938. After granting the receiver permission to continue the business from time to time, the court on January 5, 1939, being satisfied that the business could no longer be operated to the advantage of the creditors, ordered the assets and good will of the business to be sold at public sale. The assets were accordingly sold and the sale was confirmed. On March 17, 1939, the receiver filed its final account

and also a petition for distribution. To the petition for distribution exceptions were filed on behalf of the Girard Trust Company and Cyril Morand, trustees under the will of Mary T. Fisher, deceased, involving the priority of their rent claim, and exceptions were also filed to the said petition by the intervening defendants. The court made an order of distribution, and intervening defendants' exceptions thereto were to the effect (1) that the court had no jurisdiction as defendant was an individual; (2) that no hearing on the issues raised by the bill and answer had ever been held; (3) that no adjudication had ever been filed by the court; (4) that no disposition had ever been made of specific exceptions to the receiver's account, receiver's petition for allowances, or petition of counsel for the receiver for fees; and (5) that the allowances to the receiver and his counsel were excessive. On October 25, 1939, the court by its order reduced the fees allowed to the receiver and his counsel, and dismissed the other exceptions of the intervening defendants. John Kerbeck, one of the intervening defendants, then appealed to this court.

The intervening defendants, after the dismissal of their preliminary objections on June 16, 1938, took no further action until April 13, 1939, when they filed exceptions to the receiver's petition for distribution.

It does not appear that the intervening defendants had any standing to intervene in this equity action under the agreement to appoint a receiver. However, the right to intervene in an equity action is a matter of discretion with the trial court (*White et al. v. Old York Road Country Club et al.*, 318 Pa. 346, 350, 178 A. 3), and they are on the record as parties defendant.

The receiver's account showed a balance for distribution of $5,208.29. The court's order of distribution of July 6, 1939, directed the payment of the fund available in the following order: Administration expenses; federal taxes; wage claims; state unemployment com-

pensation tax; rent claim; unpaid workmen's compensation insurance premiums. These preferred claims exceed $8,000.

The claims of general creditors amounted to $2,942.97, and the amount of outstanding certificates was $8,857.88. It is apparent that the claims entitled to priority more than consumed the fund for distribution. In fact, certain classes of the preferred claims will receive nothing. The intervening defendants were certificate holders, and they had a joint claim which amounted to $3,740.

No exceptions were filed by anyone to the receiver's account. In their exceptions to the order of distribution the intervening defendants made specific exceptions to certain items in the receiver's account. These exceptions were sustained by the court below and allowances for receiver and counsel fees accordingly reduced; the others were dismissed.

We do not think that the appellant as an intervening defendant is now in a position to disturb what was agreed to by the original parties, and to have the entire proceedings quashed. Where the court has jurisdiction to appoint a receiver the appointment may proceed upon the consent of the parties interested. 53 C. J. §40, p. 52.

We find nothing to indicate that the creditors and parties in interest were dissatisfied with the manner in which the affairs of this business were conducted under the supervision and control of the court below. There has been no repudiation by the cestuis que trustent or interested parties. All the assets have been sold and the sale has been confirmed. The lone dissent comes from appellant who, as a certificate holder, would not be entitled to participate in the fund for distribution until after the payment of the preferred claims and the claims of the general creditors.

The intervening defendants, in their preliminary ob-

jections to the bill in equity, questioned the authority of the court to appoint a receiver, giving as a reason that defendant was an individual and not a partnership. It is true that a receiver cannot be appointed for an individual who is sui juris, or for his property, but a receiver may be appointed for a partnership. *Garland v. Wilson*, 289 Pa. 272, 276, 137 A. 266. The bill averred, however, that the contract under which defendant operated created a partnership among the shareholders. The answer alleged that it created a trust. It is not necessary for us to decide whether there was a partnership or a form of trust. Perhaps a hearing on the bill and answer would have shown the status of the parties interested in the business. We may concede that appellant would not be prevented from subsequently raising a jurisdictional question in a proper manner because he did not appeal from the order of the court dismissing the preliminary objections to the bill. *Kurtz et al. v. Enterprise Telephone Co.*, 111 Pa. Superior Ct. 546, 549, 170 A. 337. Nevertheless, we are of the opinion that intervening defendants should have appealed, if they so desired, if the court below refused to grant a hearing and decide any issues raised by the pleadings. Whether defendant was an individual or a partnership was such an issue, and there could be no disposition of that question on exceptions to an order of distribution which are the basis of this appeal. It was not only averred in the bill in equity that defendant was a partnership, but that there was fraud and insolvency. The court had jurisdiction and power to determine these questions. Although the defendant filed an answer, he agreed to the appointment of a receiver in the face of these averments in the bill. Assuming that a hearing on the bill and answer would have shown the receivership to be improper, we cannot say it was void for want of jurisdiction in equity. The court had prima facie jurisdiction over the subject matter. See *Haught et al. v. Irwin et ux.*, 166 Pa. 548,

552, 31 A. 260. A receiver may be appointed on the ground of fraud, or where there is fraud coupled with other facts or circumstances such as insolvency. 53 C. J. §31, p. 44. While the appointment of a receiver may be a part of the relief asked for in an equity proceeding, it is merely an ancillary, incidental, and provisional remedy allowable only in, or in connection with, the pending action. 53 C. J. §5, p. 21; *Hogsett et al. v. Thompson et al.*, 258 Pa. 85, 94, 101 A. 941; *McDougal et al. v. Huntingdon & Broad Top Mountain Railroad & Coal Co.*, 294 Pa. 108, 117, 143 A. 574; *Schwartz v. Keystone Oil Co.*, 153 Pa. 283, 286, 25 A. 1018. Appellant's first, second, and third exceptions to the order of distribution relate only to the action or the cause of action to which the appointment of the receiver was ancillary. The appointment of the receiver alone does not constitute a cause of action, and the order of distribution relates solely to what position the respective preferred claims shall occupy. It has already been observed that appellant's appeal is from the dismissal of these exceptions to this order. Whether or not the equity action would have stood if directly, properly, and timely attacked, surely this indirect and dilatory attack after the receivership has been allowed by appellant to run its course cannot succeed.

Assignments of error are overruled.

The appeal is dismissed at the costs of appellant.