## Gutshall et al. v. Smith et al.

*Richard N. Fox* and *John J. Krafsig, Jr.*, for plaintiffs.

*Charles W. Kugler*, for defendants.

SHUGHART, P. J., (ninth judicial district, specially presiding), July 29, 1955.—The complaint filed in this case on July 22, 1954, reveals a dispute over the location of the boundary or division line between properties owned by parties plaintiff and defendant; plaintiffs complain that one of the defendants tore down a fence allegedly located on plaintiffs' land and, further, threatened plaintiffs with physical force if the fence were restored. Plaintiffs further claimed damages for the destruction of the fence, and incidental damages resulting therefrom.

Plaintiffs applied for a preliminary injunction to restrain defendants from hindering or interfering with the erection of a fence on the location whereon it previously stood. A hearing on a rule to show cause why an injunction should not issue was fixed for August 19, 1954, and later changed to August 5, 1954. On August 3, 1954 "on application of counsel for plain-

tiffs" the hearing set for August 5th was continued to be "rescheduled at the request of counsel for either party."

On August 12, 1954, preliminary objections were filed to the complaint, the gist of which is that plaintiffs have an adequate remedy at law. These objections are now before us for disposition.

Ejectment is generally regarded as the proper remedy to determine a disputed title depending upon the true boundary line between adjacent property: Lehigh Valley Coal Co. v. Midvalley Coal Co., 245 Pa. 402.

The reason why disputes concerning title to real estate are generally not triable in equity is set forth by Mr. Justice Ladner in Teacher, exec., et al., v. Kijurina, 365 Pa. 480, 484, as follows:

"Such a question affecting as it does title to real estate is ordinarily not properly raised by an action in equity unless it be by bill in partition, for the sound reason that in ejectment proceedings (the classic method of determining title to real estate), the parties are entitled to have disputed facts settled by a jury. A bill in equity for an injunction, when a question of title is involved, becomes an ejectment bill and a court of equity has no jurisdiction because the constitutional right of trial by jury as 'heretofore' must be preserved: North Shore Railroad Co. v. Pennsylvania Co., 193 Pa. 641, 44 A. 1083 (1899) : Kurtz v. Enterprise T. Co., 111 Pa. Superior Ct. 546, 170 A. 337 (1934)."

The fact that almost a year has elapsed since the order continuing the hearing for a preliminary injunction would indicate that there is little need for such a restraining order now. Under Pa. R. C. P. 1055, in addition to adjudicating the title to the strip of land in question, plaintiffs may "state in the complaint any cause of action for profits for the use of or damages for injury to the land." However, a claim for damages

or mesne profits must be pleaded in a separate count: Weaver v. Mundy, 4 Lycoming 113, 1 Goodrich-Amram Comments, sec. 1055-1. Equity jurisdiction is, therefore, not required to avoid a multiplicity of suits in this case.

After careful consideration, we are of the opinion that plaintiffs have a full, complete and adequate remedy at law and, since title to real estate is involved, plaintiffs are entitled to have the question decided by a jury.

Pa. R. C. P. 1509(c) provides that if an objection to the existence of an adequate remedy at law is sustained, the court shall certify the action to the law side of the court. Section 2 of the Act of June 7, 1907, P. L. 440, 12 PS §1228 provides that the certification shall be made at the cost of plaintiff and that no further proceedings shall be had at his instance until these costs are paid. That provision of section 2 has not been suspended by the Rules of Civil Procedure. See Pa. R. C. P. 1550(10).

Counsel for defendants has questioned the sufficiency of plaintiffs' complaint. An examination of the complaint discloses that it does not meet the requirements of a complaint in ejectment. For example, the land which both plaintiffs and defendants claim is not described, nor is abstract of title set forth as required by the Pennsylvania Rules of Civil Procedure. Therefore, in order to expedite matters, plaintiffs will be directed to file an amended complaint within 30 days of this order.

And now, July 29, 1955, at 1 o'clock, p.m., (Eastern Standard Time), for the reasons given, defendants' preliminary objection to equity jurisdiction is sustained and the action be and is hereby certified to the law side, the costs to be paid by plaintiffs. It is further directed that plaintiffs file an amended complaint in ejectment within 30 days of the date of this order.