## Pa. Labor Relations Board v. Littlestown Education Ass'n.

*John W. Phillips*, for appellant.
*Gerald E. Ruth*, for appellee.
*James F. Wildeman*, for Pennsylvania Labor Relations Board.

MacPHAIL, *P. J.*, November 19, 1974—In this case the Littlestown Area School District (hereinafter referred to as "district") appealed from a final order by the Pennsylvania Labor Relations Board (hereinafter referred to as "PLRB") dismissing a complaint alleging that the Littlestown Education Association (hereinafter referred to as "LEA"), the official bargaining agent for employes of the district, had engaged in unfair practices in violation of the provisions of the Public Employe Relations Act of July 23, 1970, P.L. 563 (No. 195), 43 PS §§1101.101, et seq. Our jurisdiction arises under section 1502 of the aforesaid act, 43 PS §1101.1502.

Initially, we note that a contract has been negotiated between the district and the LEA.[1] The contract was negotiated before the final order of the PLRB was entered. An equity suit in this court to enjoin the teachers from continuing their strike has been dismissed on the representation to the court that a contract was negotiated. Therefore, the question of whether or not the LEA's "insistence" that matters of inherent managerial policy are a part of a bargaining process is, per se, a violation of

---

1. Although this fact does not appear in the record before us, we take judicial notice thereof as a matter of common knowledge. Moreover, the briefs filed by all parties acknowledge this fact expressly or by implication.

the provisions of the aforesaid act and an unfair labor practice is now moot. The most that this court can do if we sustain this appeal is set aside the board's order. This would then be tantamount to a finding that the LEA was guilty of unfair practices but there the "action" would end (in the absence of an appeal). We could impose no penalty or sanction against the LEA at this stage. The PLRB obviously found it necessary to rule upon the charges (at the complainant's insistence) notwithstanding the fact that the strike had ended and a contract had been signed. However, we do not feel that the same obligation applies to this court.

The general rule is that a court will not consider a moot question: Wortex Mills v. Textile Workers, 369 Pa. 359 (1952). The courts will decide moot questions only in rare instances where exceptional circumstances exist or where questions of great public importance are involved: Conti v. Department of Labor and Industry, 405 Pa. 309 (1961). In Scranton School District v. Scranton Federation of Teachers, 445 Pa. 155 (1971), the Supreme Court of Pennsylvania dismissed an appeal from the entry of a preliminary injunction on the ground that the appeal was moot where a contract had been negotiated after oral arguments had been heard by the court.

It must be observed that the whole purpose of the aforesaid act is to provide procedures to handle "unresolved disputes" between public employers and employes because such disputes are injurious to the public: Section 101, 43 PS §1101.101. In the case now before us, the "dispute" which gave rise to the complaint (and counter-complaint) of unfair practices and which resulted in a prolonged strike was the negotiation of a contract. The complaints

before the PLRB were relevant to that dispute. That dispute was settled when the contract was negotiated. The issues we have been asked to adjudicate are important only as they may bear upon future contract negotiations. This is not a proper function of the trial court.

In any event, we find no exceptional circumstances or questions of great public importance in this case which would warrant an exception to the general rule that we should not resolve moot questions. In fact, we might observe that the public interest which was at stake during the controversy between the litigants now before us will be better served if we leave matters where they presently stand.

### ORDER

And now, November 19, 1974, it appearing to the court that the questions raised in this appeal are moot, it is ordered that the appeal be and the same is hereby dismissed.