Conti *v.* Department of Labor and Industry,
Appellant.

Argued September 27, 1961. Before BELL, C. J.,
MUSMANNO, JONES, COHEN and EAGEN, JJ.

*Mitchell A. Kramer,* Assistant Attorney General,
and *Alan Miles Ruben,* Deputy Attorney General, with
them *David Stahl,* Attorney General, for appellant.

*Edward C. First, Jr.,* with him *McNees, Wallace &
Nurick,* for appellees.

OPINION BY MR. JUSTICE EAGEN, November 14, 1961:

This is an appeal from a decision of the Court of Common Pleas of Dauphin County which ruled partially invalid a Minimum Wage Order executed by the Secretary of Labor and Industry of the Commonwealth of Pennsylvania, promulgated under the authority of the Act of May 27, 1937, P. L. 917, 43 PS §331a et seq.

The order of the board of October 20, 1960, which was modified by the court on March 13, 1961, provided for increases in the minimum wage rates for mercantile occupations in Zone 3 (communities of less than 10,000 population). These increases were $.90 per hour for straight time, effective January 15, 1961; $1.00 per hour for straight time, effective January 15, 1962; $1.35 per hour for overtime (over 40 hours), effective January 15, 1961, and $1.50 per hour for overtime, effective January 15, 1962. The lower court ruled as to wage rates effective as of January 15, 1962, that the order amounted to fixing wages "in futuro" and that such action was in violation of The Minimum Wage Law of the Commonwealth.

Since the entry of the lower court's order the Pennsylvania Legislature in the 1961 session, enacted The Minimum Wage Act of 1961, P. L. 1313, to supplement the provisions of the Act of 1937, supra, which initially established the regulation of minimum wages in Pennsylvania. Section 5(a) of the Act of 1961 (effective January 1, 1962), provides for the payment of a minimum wage of $1.00 per hour to every employee in any occupation except "as may otherwise be prescribed." Admittedly, none of the occupations dealt with in the instant action are exempt. Hence, the question basically raised by this appeal is moot. It is now impossible to grant relief by deciding the issue involved since no actual controversy exists. It has long been the rule in Pennsylvania that this Court will not decide moot questions. We will do so only in rare in-

stances where exceptional circumstances exist or where questions of great public importance are involved: *Wortex Mills v. Textile Workers U. of A.,* 369 Pa. 359, 85 A. 2d 851 (1952). We do not regard this as such a situation.

But say the appellants, although the passage of the Act of 1961 may have rendered moot the question raised by this appeal so far as it involves the validity of the order in regard to straight time, that this is not so as to overtime since the 1961 statute is silent as to overtime and continues in effect overtime provisions under existing wage orders promulgated under the Act of 1937. We do not agree. Here again, no real controversy exists.

Section 17 of the Act of 1961 provides: "(A) Any standards relating to . . . overtime compensation . . . in effect under the act of May 27, 1937 (P. L. 917) or any other law of this Commonwealth or the regulations and orders issued thereunder on the effective date of this act *which are more favorable*[1] to employes than those applicable to such employes under this act or the regulations and orders issued hereunder shall not be deemed to be amended, rescinded or otherwise affected by this act but shall continue in full force and effect . . . ." Minimum wage order 4A of January 1, 1961, in its administrative regulation No. 1, provides that the overtime rate throughout the state, effective January 15, 1962, shall be one and one-half times the specified minimum rate. The mercantile employees involved are covered by this order and if they are paid the minimum rate of $1.00 per hour for straight time as of January 1, 1962, as required by the Act of 1961, they will be entitled to receive as of January 15, 1962, $1.50 per hour for overtime work. Hence, order 4A, supra, is more favorable to the employees involved than the statute it-

---

[1] Emphasis, ours.

self, which does not in specific terms provide minimum rates for overtime.

Appeal dismissed. Costs to be paid by the Commonwealth of Pennsylvania.

Justice ALPERN took no part in the consideration or decision of this case.