465 A.2d 1272

Max A. HANKIN and Janet Hankin

v.

Moe Henry HANKIN, Sabina Hankin, Perch P. Hankin, Gertrude Hankin, Benjamin R. Shanken and Pauline Shanken, Estate of Samuel Hankin and Harriet Hankin.

Appeal of Moe Henry HANKIN, Sabina Hankin, Perch P. Hankin, Gertrude Hankin, Benjamin R. Shanken and Pauline Shanken.

Superior Court of Pennsylvania.

Argued June 17, 1983.

Filed Sept. 23, 1983.

Petition for Allowance of Appeal Granted Aug. 22, 1984.

See also 279 Pa.Super. 179, 420 A.2d 1090.

148

Philip D. Weiss, Norristown, for appellants.

Franklin Poul, Philadelphia, for Max Hankin, etc., appellees.

Theodore R. Mann, Philadelphia, for Moe Hankin, et al., appellees.

Before ROWLEY, McEWEN and WATKINS, JJ.

ROWLEY, Judge:

This action involves the liquidation of a family partnership, which was dissolved in 1977. This is the fourth time that the controversy has been before our court. *See Hankin v. Hankin*, 279 Pa.Super. 179, 420 A.2d 1090 (1980); *Hankin v. Hankin*, 302 Pa.Super. 295, 448 A.2d 1049 (1981); *Hankin v. Hankin*, 298 Pa.Super. 559, 442 A.2d 362 (1982). The facts of the case are set out in detail in *Hankin v. Hankin*, 279 Pa.Super. 179, 420 A.2d 1090 (1980) and will not be repeated here.

The present appeal is from an order denying appellant's petition for an extension of time to complete the liquidation and appointing a receiver to liquidate the remaining partnership assets. We note that on two previous occasions, the trial court refused to appoint a receiver. Both of those decisions were appealed to this court. We affirmed. *Hankin v. Hankin*, 279 Pa.Super. 179, 420 A.2d 1090 (1980); *Hankin v. Hankin*, 298 Pa.Super. 559, 442 A.2d 362 (1982).

The decision whether to appoint a receiver is vested in the discretion of the trial court. *Northhampton National Bank of Easton v. Piscanio*, 475 Pa. 57, 379 A.2d 870 (1977). However, a receiver should only be appointed in an extreme case and under extraordinary circumstances. *Waddell v. Shriber*, 465 Pa. 20, 348 A.2d 96 (1975). Because of the drastic effect a receiver will have on the business entity involved, the court will only impose the remedy where it is necessary to prevent the waste or dissipation of assets; for example, where there is fraud or mismanagement. *Hankin v. Hankin*, 279 Pa.Super. at 201, 420 A.2d at 1102.

In this case, there has been no finding of waste, dissipation of assets, fraud or mismanagement. Appellee's main complaint seems to be that the liquidation is taking too

long. At the time of dissolution, the partnership possessed assets, primarily real estate, valued at 77 million dollars. According to the findings of fact of the trial court, as of January 13, 1983, approximately $27,015,000.00 worth of property remained unsold. The court specifically found that pursuant to the Superior Court's order in *Hankin v. Hankin*, 302 Pa.Super. 295, 448 A.2d 1049 (1981), appellants have continued their efforts to liquidate the balance of properties owned by the partnership. In fact, the record indicates that since the date of the order, $20,327,000.00 worth of property has been sold. The mere fact that appellants have failed to wind up the partnership affairs and liquidate all assets at this time is not sufficient to establish that a receiver is necessary. *Waddell v. Shriber*, 465 Pa. 20, 348 A.2d 96 (1975). Since there is no evidence indicating that assets are being wasted or dissipated, the court committed an abuse of discretion in appointing a receiver. Therefore, the order denying appellants an extension of time and appointing a receiver will be reversed.

We understand appellees' concern that appellants' desire to purchase certain properties themselves may conflict with their obligation to seek out buyers willing to pay the highest prices. However, court supervision of the liquidation process will protect against that danger.

Appellants also challenge the order of the trial court denying their petition to sell certain properties in Willow Grove, Pennsylvania, to two of appellants, Moe and Sabina Hankin, for the sum of $15,000,000.00. The court denied the petition on the ground that in prior proceedings, Moe Hankin had stated that the property was worth $24,000,000.00. The court therefore concluded that the property could be sold at a price higher than the $15,000,000.00 offered by appellants.

In exercising its broad supervisory powers over the liquidation of a partnership, the court has discretion to determine the terms and method of the sale of assets. *See Hankin v. Hankin*, 279 Pa.Super. at 213, 420 A.2d at 1108. We find no abuse of discretion in the court's denial of the

above-mentioned sale. Therefore, that order will be affirmed.

■■■ Appellants also argue that the court erred in changing its Finding of Fact 6, unsold properties, by deleting "1300 Easton Road" from the list of partnership properties. The property has been the home of appellees for thirty-five years. In January of 1981, appellants filed a petition claiming that the 1959 deed to appellees was invalid because one of appellants, Moe Hankin, had forged his wife's signature. This claim was never pursued. Prior to making findings of fact in its adjudication, the trial court asked Moe Hankin to write a letter setting forth the value of unsold partnership properties. Moe Hankin included appellees' home on that list. Rather than formally filing an exception, appellees wrote a letter to the court pointing out the mistake. In its final decree, the court amended the list of unsold property to delete said residence.

Appellant claims that the court had no power to correct the finding in the absence of a formal exception. This argument is without merit. Clearly, the proper procedure for appellees to follow would have been to file an exception. However, the trial court may, indeed should, reverse or reject unsupported or illogical findings. *Billinger Estate*, 451 Pa. 77, 301 A.2d 795 (1973). There is nothing in the record to support inclusion of 1300 Easton Road as partnership property. The recorded deed to the property, which is a matter of public record, shows that it is owned by appellees, Max and Janet Hankin. It was therefore entirely proper for the trial court to correct this error when it was brought to the court's attention.

■■■ Appellants also argue that the trial court should act on various petitions which have been filed with it and should direct the remaining partnership property sold by auction. These applications are not, however, matters to which we can provide consideration since the matters are not before us in this appeal proceeding. Rather, any request for disposition of the outstanding applications that

have been made to the trial court should be addressed to that court. Since the trial court has become so familiar with this sad tale of family discord by reason of the protracted course of litigation the parties have pursued, there is no apparent reason why the parties may not expect immediate disposition by the trial court of the applications that have been made to it. It is our expectation, of course, that the trial court will also rule in prompt fashion upon all applications that will be brought to it until the long overdue time that the litigation between and among these parties is finally and completely concluded.

Orders affirmed in part and reversed in part. Case remanded for further proceedings to be conducted in a prompt and expeditious fashion and in a manner not inconsistent with this opinion.

Jurisdiction relinquished.