Peter ABRAMS and Fred R. Levin, Individually and as Limited Partners in and on Behalf of: P.M. Quakertown Associates, L.P., a Partnership Pace Muhlenberg, Associates L.P., a Partnership, Pace Chelten Associates, L.P., a Partnership, Pace Adams Associates, L.P., a Partnership P.M. Bricktown Associates, L.P., a Partnership, Pace Bensalem Associates, L.P., a Partnership Pace Hunting Park Associates, L.P., a Partnership, F & A Retail Associates, L.P., a Partnership Pace Washington Associates, L.P., a Partnership,

v.

Philip UCHITEL, Philip Pulley, Holyoke Company, Inc. and Pace Martin Development Group, Inc.

Appeal of: Philip H. Uchitel, Pace Martin Development Group, Inc. and Holyoke Company

Pace Martin Development Group, Inc., Holyoke Company, Inc., Philip Uchitel and Philip Pulley

v.

Peter Abrams and Fred R. Levin, Esquire Fred R. Levin, P.C., Michael Salove and KB7 Muhlenberg, Inc.

Appeal of: Philip H. Uchitel, Pace Martin Development Group, Inc. and Holyoke Company

Peter Abrams and Fred R. Levin and the Highland Development Group, Ltd.

v.

Philip Uchitel and Philip Pulley and Pace Martin Development Group, Inc. and Holyoke Company, Inc. Appellants

Peter Abrams and Fred R. Levin, Individually and as Limited Partners in and on Behalf of: P.M. Quakertown Associates L.P., a Partnership Pace Muhlenberg Associates L.P., a Partnership Pace Chelten Associates, L.P., a Partnership Pace Adams Associates, L.P., a Partnership P.M. Bricktown Associates, L.P., a Partnership Pace Bensalem Associates, L.P., a Partnership Pace Hunting Park Associates, L.P., a Partnership F & A Retail Associates L.P., a Partnership Pace Washington Associates, L.P., a Partnership,

v.

Philip Uchitel, Philip Pulley and Holyoke Company, Inc. and Pace Martin Development Group, Inc.

Pace Martin Development Group, Inc., Holyoke Company, Inc., Philip Uchitel and Philip Pulley

v.

Peter Abrams and Fred R. Levin, Fred R. Levin, P.C., Michael Salove KB7 Muhlenberg, Inc., Peter Adams and Fred R. Levin and the Highland Development Group, Ltd.

v.

Philip Uchitel, Philip Pulley, Pace Martin Development Group, Inc. Holyoke Company, Inc.

Appeal of Holyoke Matthews, Inc. and Blue Comet Express, Inc.

Superior Court of Pennsylvania.

Argued May 14, 2002.

Filed June 4, 2002.

Daniel D. McCafferty, Elkins Park, for Pulley.

Arnold E. Cohen, Philadelphia, for Levin and Abrams.

Before: KLEIN, BENDER and MONTEMURO *, JJ.

OPINION BY MONTEMURO, J.

¶ 1 This is a consolidated appeal from two orders of the Court of Common Pleas of Bucks County. The first of these grants Appellee Philip Pulley's Emergency Motion for transfer and consolidation in Bucks County of a Philadelphia Common Pleas Court action pursuant to Pa.R.C.P. 213(a), and the second appoints a receiver for the limited partnerships involved in this matter.

¶ 2 As the trial court aptly describes the multifaceted proceedings conjoined in this appeal, "[t]his litigation stems from agreements between the parties to acquire and develop commercial real estate." (Trial Ct. Op. at 2). The litigation had its genesis sometime in 1992, when Appellant Philip Uchitel hired Appellee Pulley as the Director of Construction for Pace Martin Development Group, Inc., a corporation wholly owned by Uchitel. The company included in its structure, *inter alia*, the Holyoke Company, also wholly owned by Uchitel, which acted as general contractor. In August of 1993, Uchitel contracted with Appellees Pulley and Peter Abrams for the joint purchase and development of commercial real estate. Each project would be undertaken by a separate limited partnership in which they would all have equal equity interests. Pace Martin Construction Company was formed to perform the duties of general and managing partner for all the project partnerships, but would hold no more than a 1% interest in any one of them. Pursuant to the agreement, several projects were realized for which Holyoke and its successor, Holyoke–Matthews,[1] served as general contractor. Abrams became President and Chief Executive Officer of Pace Martin, and Pulley was named Vice President and Secretary. In 1995, the agreement was amended to permit Appellee Fred Levin to become a party.

¶ 3 That same year, the complex of interlocking partnerships and corporations began experiencing financial difficulties which culminated in the commencement, on March 20, 1996, of an action by Abrams and Levin on their own behalf and on behalf of those partnerships in which they held an interest, in the Bucks County Court of Common Pleas against Uchitel[2] and Pulley. The Complaint alleged that Uchitel, principally through Holyoke and to a lesser extent his other wholly owned corporate entities, artificially inflated construction costs on the development projects in order to create indebtedness which the projects would then be forced to repay directly to him through Pace Martin. The total of these "loans" was alleged to be in excess of $4 million. The suit further alleged that when Abrams and Levin refused to endorse a loan guarantee document making them personally responsible

---

* Retired Justice assigned to the Superior Court.

1. Apparently Holyoke–Matthews was created to protect Holyoke from exposure to liability during the Abrams–Levin litigation.

2. For the sake of brevity, the name of individual Appellants and Appellees will be used synecdochically to represent all plaintiffs or defendants in a particular action.

for any amounts left due and owing by the limited partnership projects, they were wrongfully terminated from their positions at Pace Martin. On behalf of the partnerships, assertions were made of mismanagement, conversion of partnership assets and various other forms of misfeasance, including failure to satisfy obligations to third party creditors.

¶ 4 On April 2, 1996, Uchitel and Pulley filed suit jointly, also in Bucks County, against Abrams, Levin and others alleging breach of contract, and asserting that the same conduct constituting the breach equated to constructive termination of their employment from Pace Martin.

¶ 5 In July of 1996, Abrams and Levin filed yet another suit against Uchitel, Pulley *et al.*, alleging that Pulley had engaged in bid-rigging and overstatement of project construction costs at the instigation and with full knowledge of Uchitel. All three of these actions were consolidated by order of court on November 8, 1996.

¶ 6 Although Pulley had continued as Director of Construction during the inception of the litigation, in August of 1999 his relationship with Uchitel ended with his suspension from employment. In February of 2000, Pulley filed three suits against Uchitel in the Court of Common Pleas of Philadelphia County alleging fraud, gross negligence, breaches of trust and fiduciary duty, mismanagement, misfeasance and conversion, in short, acts in derogation of the interests of the limited partnerships, all claims similar to those filed by Abrams and Levin four years previously in Bucks County. Two weeks later, Abrams and Levin sought the transfer of Pulley's three cases to Bucks County which occurred, without opposition from Uchitel, in September, 2000.

¶ 7 Also in September of 2000, mirroring his earlier filings, Uchitel again filed suit against his detractors, this time in the Philadelphia Common Pleas Court, accusing Pulley of having violated the Racketeering Influenced Corrupt Organizations Act, (RICO) 18 U.S.C. § 1961, *et seq.*, as well as fraud, conversion and embezzlement. In response to these allegations, Pulley petitioned the court to appoint a receiver for six of the limited partnerships implicated in the litigation, three each from Philadelphia and Bucks Counties. After tentative settlement negotiations began, the petition was withdrawn. However, the settlement was never consummated, and in November of 2000, Abrams and Levin requested the appointment of a receiver to curtail alleged mismanagement, diversion of assets and other acts such as were also delineated in Pulley's earlier petition. In January of 2001, Pulley filed an emergency petition for the transfer to and coordination of Uchitel's RICO action in Bucks County. The trial court granted the petition on June 22, 2001, and on July 12, 2001, Uchitel lodged an appeal to this Court from the Order directing transfer and coordination.[3]

¶ 8 On the same day that the transfer Order was entered, the trial court scheduled a bifurcated trial on the wrongful termination claims of Abrams and Levin. After considering Uchitel's argument that all proceedings were stayed by operation of the appeal from the transfer order, the trial court stayed only the trial, holding an evidentiary hearing on the receivership request, which was granted on August 29, 2001.[4] An appeal was taken from this Order on September 5, 2001.

---

3. We note that this is an interlocutory order appealable as of right. *Wohlsen/Crow v. Pettinato Associated Contractors & Engineers, Inc.*, 446 Pa.Super. 215, 666 A.2d 701 (1995).

4. This order was modified on November 30, 2001, to exempt Pace Martin from any action by the receiver.

¶ 9 Three instances in which the trial court is claimed to have abused its discretion are presented by Appellant Uchitel for our review: in transferring and coordinating the RICO case; in appointing a receiver either because an appeal was pending or because there was no legal or factual basis to justify the appointment; and in failing to require Abrams and Levin to post a bond when the receiver was appointed.

■ ¶ 10 Preliminarily, we note that only two of these issues are properly before the Court, as the claim concerning Appellees' failure to post bond was not included in Appellant's Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P.1925(b).[5] Accordingly, we need not address it.

■ ¶ 11 Appellant first assigns error to the trial court's transfer and coordination of his Philadelphia action with the cases filed in Bucks County.[6] Pa.R.C.P. 213.1, which governs this procedure, reads in pertinent part as follows:

(a) In actions pending in different counties which involve a common question of law or fact or which arise from the same transaction or occurrence, any party, with notice to all other parties, may file a motion requesting the court in which a complaint was first filed to order coordination of the actions. Any party may file an answer to the motion, and the court may hold a hearing.

\* \* \*

(c) In determining whether to order coordination and which location is appropriate for the coordinated proceedings, the court shall consider, among other matters:

(1) whether the common question of law or fact is predominating and significant to the litigation;

(2) the convenience of the parties, witnesses and counsel;

(3) whether coordination will result in unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination;

(4) the efficient utilization of judicial facilities and personnel and the just and efficient conduct of the actions;

(5) the disadvantages of duplicative and inconsistent rulings, orders or judgments;

(6) the likelihood of settlement of the actions without further litigation should coordination be denied.

(d) If the court orders that actions shall be coordinated, it may

\* \* \*

(2) transfer any or all further proceedings in the actions to the court or courts in which any of the actions is pending.

¶ 12 Appellant's argument that the trial court abused its discretion by ordering coordination and transfer is based almost entirely on the assertion that the trial court's conclusions as to each of the considerations enumerated by the Rule were simply wrong, and that the error was further exacerbated by the court's failure to

---

5. We note that Appellees have moved to quash this appeal on the basis that no 1925(b) Statements were filed despite court orders requiring them. As the statements appear of record and were acknowledged by the trial court in its Opinion, we deny the motion.

6. Appellant raised no objection to the transfer and coordination of the cases filed by Appellee Pulley.

hold a hearing on the matter. Specifically, Appellant attempts to distinguish between parties and issues involved in the Bucks County actions and those involved in the Philadelphia actions.

■ ¶ 13 "We review an order coordinating actions under Rule 213.1 for abuse of discretion by the trial court. Where the record provides a sufficient basis to justify the order of coordination, no abuse of discretion exists." *Wohlsen/Crow, supra* at 703. Moreover, "[t]he choice of venue, like the decision to coordinate, is left to the sound discretion of the trial court, and we will not reverse absent an abuse of that discretion." *Id.* at 704.

¶ 14 As Pulley points out, "Appellants argue that the Bucks County Litigation solely concerns Holyoke Company while the Philadelphia RICO Action concerns Holyoke–Matthews. However, both companies are owned and controlled by Uchitel." (Brief of Appellee Pulley at 19). In the RICO action, Plaintiff Holyoke–Matthews accused Pulley of "schemes to defraud Holyoke–Matthews," (Complaint at ¶ 33) of converting funds and materials belonging to Holyoke–Matthews, and of illegal and fraudulent conduct toward Holyoke–Matthews. In their actions, Abrams and Levin allege similar conduct by Pulley, Uchitel, Pace Martin and Holyoke. Appellant Uchitel's initial action in Bucks County was jointly brought by himself, Pace Martin, Holyoke and Pulley against Abrams and Levin, alleging, *inter alia,* conversion of property from Pace Martin. Because Pace Martin, Holyoke and Holyoke–Matthews are not, in fact, independent entities but are wholly owned and operated by Uchitel, acts by them and/or against them necessarily implicate Appellant Uchitel.

¶ 15 The fact that not all the corporations, partnerships or individuals involved in this matter are parties to every action does not alter the trial court's conclusions that the same parties were involved in the same transactions in both the Philadelphia and Bucks County cases, and that the same attorneys are counsel of record in all of the litigation. (Trial Ct. Op. at 6). The trial court's further conclusions as to the convenience, efficiency and consistency of result which would eventuate from transfer and coordination are also supported by the record. Our Court has ruled that in deciding whether to grant a request under Rule 213.1, "the court must consider the totality of the circumstances." *Wohlsen/Crow, supra* at 702. This the trial court clearly and correctly did, obviating any necessity for our intervention. *Compare Geiger v. Rouse,* 715 A.2d 454, 456 (Pa.Super.1998) (finding transfer and coordination to have been properly denied where motion was a delaying tactic, and contravened equitable and efficiency interests sought to be advanced by Rule 213.1).

■ ¶ 16 Appellant's claim that the trial court erred in having failed to hold a hearing on the matter is similarly unpersuasive. Subsection (a) of the Rule makes such hearings discretionary. Although Appellant complains that because no hearing, argument or discovery was permitted, the trial court had only the papers filed on which to base its decision, he suggests nothing potentially enlightening which such proceedings might have offered. In addition, considering the sheer volume of documentation contained in the record and available to the court, two boxes full, there was no dearth of information on any critical point. The necessity for a hearing never arose.

■ ¶ 17 Appellant next assigns error to the trial court's appointment of a receiver, arguing that it lacked jurisdiction to do so given the appeal of the coordination order. Alternatively, Appellant contends that

even if the court possessed the authority, the circumstances of the case did not warrant the appointment.

¶ 18 Pa.R.A.P. 1701(a) reads as follows: "Except as otherwise prescribed by these rules, after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter." As the trial court correctly points out, however, subsection (b) allows the trial court to "take such action as may be necessary to preserve the status quo . . . ." The appointment of a receiver was specifically intended to preserve the *status quo ante*, that is, to prevent further damage to partnership assets. Given the testimony concerning Appellant's penchant for allowing the physical plants of the development projects, mostly shopping centers, to deteriorate, and his refusal to supply financial records where necessary, no other remedy would effectuate the desired result.

¶ 19 Equally if not more germane, however, is Rule 1701(c) which provides in pertinent part that:

> Where only a particular item, claim or assessment is involved in an appeal . . . the appeal . . . shall operate to prevent the trial court . . . from proceeding further with only such item . . . unless otherwise ordered by the trial court . . . or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

The only issue involved in the appeal from the trial court's June 22, 2001, Order is the propriety of the transfer and coordination action; no substantive claim underlying the multifarious law suits which comprise this consolidated case is before us on appeal, as none have been nor can yet be addressed by the trial court. Moreover, the appointment of a receiver is by definition an ancillary, incidental and provisional action, permitted only in connection with a pending matter. *Northampton Nat'l Bank of Easton v. Piscanio,* 475 Pa. 57, 379 A.2d 870, 873 (1977); *Globe Solvents, Inc. v. Nouskhajian,* 148 Pa.Super. 202, 24 A.2d 687, 690 (1942). Indeed, the matters raised in the appeal from the Rule 213.1 order are also collateral to the central, substantive claims presented in the complaint(s), and this Court has clearly ruled that the trial court may act on collateral matters while an appeal from an order in the original action is pending. *Cohen v. Jenkintown Cab Co.,* 300 Pa.Super. 528, 446 A.2d 1284, 1288 (1982). Thus, the appeal herein is not precluded by action of Rule 1701.[7]

¶ 20 Having rejected Appellant's argument that the appointment of a receiver was not prohibited by the law, we assess his alternative claim that the appointment was factually unjustified.

¶ 21 Although appointment of a receiver is not to be undertaken lightly, the decision to appoint is within the sound discretion of the trial court. *Northampton Nat'l Bank, supra* at 873. Any abuse of that discretion may be corrected on appeal. *Lindenfelser v. Lindenfelser,* 396 Pa. 530, 153 A.2d 901, 904 (1959). Our Supreme Court has held that "receivers can be appointed to assure that assets will

---

7. Appellant also argues that a receiver should not have been appointed because there was no specific request for an appointment for the purpose of preserving the *status quo* during the pendency of the appeal. However, having already petitioned for a receiver prior to the appeal based, *inter alia,* on allegations that assets were being dissipated, Appellees were under no obligation to repeat the process. Further, the court was not compelled to suspend belief that dissipation of assets might well continue without interruption while the appeal was pending, as Appellees claimed had already occurred while the litigation was pending.

not be dissipated." *Hankin v. Hankin,* 507 Pa. 603, 493 A.2d 675, 677 (1985). However, where the appointment will cause more damage than it prevents, it should, obviously, not be made. *Id.* This is one of Appellant's complaints although he fails to specify how he, or any of his assets will be harmed by a receivership; Appellees, however, have amply demonstrated the harm already done under Appellant's supervision. Indeed, the trial court found that it had been presented with

> substantial evidence that partnership assets were being mismanaged, that funds belonging to distinct entities were being commingled, that work being done for one partnership was being charged to other partnerships, and that fiduciary duties were being breached. Additionally, there was evidence that Uchitel failed to make any distributions to the limited partners and that he had caused the partnerships to technically default on obligations.

(Trial Ct. Op. at 9).

¶ 22 Under these circumstances, the court determined that appointment of a receiver was justified. We see no reason to disagree.

¶ 23 Motion to quash is denied.

¶ 24 Orders affirmed.