2026 PA Super 51

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR HOF GRANTOR TRUST 1 | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| RICHARD J. PULEO, LORRAINE B. PULEO | : : | No. 754 MDA 2025 |
| v. | : : : | |
| FAY SERVICING, INC., PETER MELTZER, ESQ., AND WEBER, GALLAGHER, SIMPSON, STAPLETON, FIRES & NEWBY, LLP | : : : : : : | |
| APPEAL OF: RICHARD J. PULEO AND LORRAINE B. PULEO | : : : | |

Appeal from the Order Entered February 25, 2025
In the Court of Common Pleas of York County Civil Division at No(s):
2024-SU-000938

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR HOF GRANTOR TRUST 1 | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| LEWISBERRY PARTNERS, LLC | : : | No. 755 MDA 2025 |
| Appellant | : : : | |

Appeal from the Order Entered February 27, 2025
In the Court of Common Pleas of York County Civil Division at No(s):
2024-SU-000946

BEFORE: PANELLA, P.J.E., KING, J., and LANE, J.

OPINION BY LANE, J.: **FILED: MARCH 18, 2026**

In these related mortgage foreclosure actions, we address together the *pro se* appeal of Richard J. Puleo, Esquire and his wife, Lorraine B. Puleo (collectively, "the Puleos"), and the appeal of Lewisberry Partners, LLC ("Lewisberry Partners"),[1] from the orders granting the petitions of U.S. Bank Trust National Association ("U.S. Bank"),[2] to appoint a temporary receiver for the mortgaged properties. The Puleos and Lewisberry Partners challenge the orders on the basis that the trial court did not require the temporary receiver to post mandatory security pursuant to Pa.R.Civ.P. 1533(d). While these appeals were pending, the trial court entered subsequent orders appointing a permanent receiver. Despite the entry of subsequent orders appointing a permanent receiver, we hold that these appeals are not moot. We further hold that a trial court may not dispense with the mandatory security requirement of Rule 1533(d) when appointing a temporary or permanent receiver, even where the parties have contractually agreed to the appointment of a receiver. Accordingly, we affirm in part, and reverse in part.

By way of background, these mortgage foreclosure actions involve fifty townhomes located in a development in Lewisberry, York County. The Puleos owned twenty townhomes. The Puleos also own an 82.237% interest in

---

[1] Richard J. Puleo, Esquire is counsel of record for Lewisberry Partners.

[2] U.S. Bank is proceeding not in its individual capacity, but solely as trustee for HOF Grantor Trust 1.

Lewisberry Partners, which, in June 2019, purchased thirty townhomes in the same development for $10,600,000. To finance the acquisition, Lewisberry Partners borrowed $8,025,000 (the "Loan") from a loan funder (the "Lender"). As security for the Loan, Lewisberry Partners executed a mortgage (the "Lewisberry Partners Mortgage"), encumbering its thirty properties. On the same date, the Puleos also executed a mortgage (the "Puleo Mortgage") in favor of the Lender, which encumbered their twenty properties as additional collateral for the Loan. For ease of discussion, we refer to these two mortgages collectively as the "Mortgage Documents."

Relevant to the disputes at issue in these appeals, the Mortgage Documents executed by the Puleos and Lewisberry Partners contained identical provisions authorizing the appointment of a receiver upon the filing of a foreclosure action:

> (e) ***Upon, or at any time after the filing of an action to foreclosure this Mortgage, the court in which such action is filed may, at the request of [U.S.Bank,] the Mortgagee, appoint a receiver of the Property***. Such appointment may be either before or after sale, ***with notice to Mortgagor***, without regard to the solvency or insolvency of Mortgagor [or] the adequacy or inadequacy of any remedy available at law . . . and Mortgagee hereunder or any agent of Mortgagee may be appointed as such receiver. Such receiver shall have the power to perform all of the acts . . . necessary or . . . customary in such cases for the protection, possession, control, management and operation of the Property during such period[.]

Puleos Mortgage, 6/26/19, at 17 (emphasis added); ***see also*** Lewisberry Partners Mortgage, 6/26/19, at 17.

In April 2020, Lewisberry Partners defaulted on the Loan. In February 2021, Lewisberry Partners filed for bankruptcy protection in federal court. While the bankruptcy action was pending, the Lender assigned its rights under the Loan Documents to U.S. Bank. Lewisberry Partners also sold five properties.

In August 2022, under the supervision of the bankruptcy court, the Puleos, Lewisberry Partners, and the Lender entered into a settlement agreement (the "Settlement Agreement"). The Settlement Agreement acknowledged an outstanding loan balance of $8,880,413 and required Lewisberry Partners to pay that amount in full within one year. The Settlement Agreement also required the Puleos and Lewisberry Partners to remit rent payments from the mortgaged properties to U.S. Bank. The Settlement Agreement expressly provided that, upon the filing of a foreclosure action on either the Puleos' properties or the Lewisberry Partners' properties, the Puleos and Lewisberry Partners waived all defenses and consented to the entry of a confession of judgment.

Lewisberry Partners failed to pay the loan balance in full by August 2023. In March 2024, U.S. Bank instituted the instant foreclosure proceedings against the Puleos and Lewisberry Partners based upon their failure to comply with the terms of the Settlement Agreement. Lewisberry Partners subsequently filed for bankruptcy protection a second time. During the pendency of the second bankruptcy, Lewisberry Partners sold additional properties and remitted the proceeds to U.S. Bank, leaving thirty-seven unsold

townhomes secured by the mortgages. In December 2024, the bankruptcy court issued an order which, *inter alia*: (1) dismissed Lewisberry Partners' second bankruptcy action; (2) held the Settlement Agreement remained in effect and binding on the parties; and (3) held the outstanding loan balance was $8,434,924, with *per diem* interest of $4,792.[3]

In February 2025, U.S. Bank filed separate petitions seeking the appointment of a temporary receiver for the Puleos' and Lewisberry Partners' properties. The trial court docket, as well as certificates of service attached to the petitions, indicates that the Puleos and Lewisberry Partners were both served with notice by first class mail.[4] U.S. Bank alleged that: (1) a receivership was necessary to protect and preserve the mortgaged properties because the Puleos and Lewisberry Partners had not remitted any rent payments since September 2024; and (2) pursuant to the Mortgage Documents, it was entitled to the appointment of a receiver upon default.

On February 25, 2025, and February 27, 2025, the trial court entered the underlying orders appointing the same individual as temporary receiver over the mortgaged properties. The orders authorized the receiver, effective

---

[3] The bankruptcy court's order also found the aggregate fair market value of the thirty-seven properties was approximately $8,885,000.

[4] For purposes of our analysis, the relevant inquiry is whether service was made in accordance with the rules governing notice. **See** Pa.R.Civ.P. 440(a)(1)-(2) (permitting service by first-class mail); Pa.R.Civ.P. 440(b) (providing that "Service by mail is complete upon mailing"). Therefore, service is deemed complete upon mailing, and an order entered after mailing but before actual receipt is not entered "without notice."

March 1, 2025, to assume exclusive possession and control of the Puleos' and Lewisberry Partners' properties, to exercise authority over rent payments and security deposits, and to take all actions necessary to manage, operate, preserve, maintain, administer, and market the properties. The orders specified that the receiver was not required to post security.

In response to the appointment orders, the Puleos and Lewisberry Partners each timely filed motions for reconsideration and notices of appeal.[5] In their respective motions for reconsideration, the Puleos and Lewisberry Partners challenged the appointments of the temporary receiver on the ground that the trial court failed to require the receiver to post security, as mandated by Rule 1533.[6]

On March 27, 2025, while these appeals were pending, the trial court conducted a hearing to determine whether to continue the receivership.[7]

_____

[5] The Puleos and Lewisberry Partners erroneously filed their notices of appeal in the Commonwealth Court, which then transmitted them to this Court. Nevertheless, we treat the notices of appeal as timely pursuant to Pa.R.A.P. 751(a) (providing that when a court lacking jurisdiction transfers an appeal to a court with jurisdiction, the appeal "shall be treated as if originally filed in transferee court on the date first filed").

[6] The Puleos and Lewisberry Partners did not dispute that the Loan Documents authorized U.S. Bank, upon default and after notice, to seek the appointment of a receiver.

[7] Although the filing of an appeal generally divests the trial court of jurisdiction to proceed further in the matter, *see* Pa.R.A.P. 1701(a), Pa.R.A.P. 311 expressly designates an order appointing a receiver as an immediately appealable interlocutory order. *See* Pa.R.A.P. 311(a)(2). Rule 311 further provides that Rule 1701(a) "shall not be applicable" to such an appeal. *(Footnote Continued Next Page)*

Immediately following the hearing, the trial court entered orders continuing the receivership and appointing the same receiver on a permanent basis for the Puleos' properties and the Lewisberry Partners' properties. The permanent receivership orders likewise specified that the receiver was not required to post security. Neither the Puleos nor Lewisberry Partners filed a notice of appeal from those orders.

Meanwhile, with regard to the instant appeal, the Puleos and Lewisberry Partners complied with the trial court's orders to file Pa.R.A.P. 1925(b) concise statements of matters complained of on appeal. The trial court issued two Rule 1925(a) opinions, suggesting that its subsequent March 27, 2025 permanent receivership orders rendered moot these appeals from the temporary receivership orders.

This Court issued *per curiam* rules on the Puleos and Lewisberry Partners to show cause why these appeals, from the appointment of a temporary receiver, were not rendered moot where the trial court had subsequently entered orders appointing a permanent receiver. The Puleos responded that the appeals were not moot "because the requested relief is not impossible," and argued the merits of the requirement of security. Puleos' Response to Rule to Show Cause, 7/14/25, at 2; **see also** Lewisberry Partners' Response to Rule to Show Cause, 7/11/25, at unnumbered 2. This Court discharged the

---

Pa.R.A.P. 311(h). Accordingly, the filing of these appeals did not divest the trial court of jurisdiction to conduct the hearing and enter the March 27, 2025 permanent receivership orders.

rule to show cause but advised that the merits panel may revisit the issue of mootness.

The Puleos present the following issues for our review:

1. Did the [trial] court abuse its discretion and/or commit error of law by failing to require the appointed receiver to post a bond, as mandated by [Rule] 1533(a) and 1533(d)?

2. Did the [trial] court abuse its discretion and/or commit error of law by failing to follow the binding precedent set forth in the Supreme Court of Pennsylvania's decision in *Levin v. Barish*, . . . 481 A.2d 1183 ([Pa.] 1984), requiring the posting of a bond in receivership appointments?

Puleos' Brief at 2-3 (unnecessary capitalization omitted).

Lewisberry Partners presents the following issue for our review:

Did the [trial court] commit error of law and abuse its discretion when it appointed a receiver over [Lewisberry Partners'] mortgaged real property (consisting of 37 residential townhomes with a fair market value over [$9,000,000]) without . . . requiring the receiver to post a bond, contrary to [Rule] 1533([d]) and the controlling case law?

Lewisberry Partners' Brief at 3-4 (unnecessary capitalization omitted).

As the issues raised by the Puleos and Lewisberry Partners are essentially the same, we address the appeals together. We first consider the issue of mootness raised by the trial court. Generally, an appellate court will not decide moot questions. *See Shirley v. Pa. Legis. Reference Bureau*, 318 A.3d 832, 850 (Pa. 2024). An issue is moot when the court's determination cannot have any practical effect on the existing controversy. *See id*. at 850. An appeal may become moot due to an intervening change in circumstances eliminating the underlying dispute. *See id*.

- 8 -

The trial court concluded that its subsequent orders appointing a permanent receiver rendered moot these appeals from the earlier temporary receivership orders. We disagree.

In *Northampton Nat'l Bank v. Piscanio*, 379 A.2d 870 (Pa. 1977) ("*Piscanio*"), our Supreme Court held that termination of a temporary receivership did not moot an appeal challenging the propriety of the appointment. Although *Piscanio* involved a contested appointment, the Court's mootness analysis did not turn on the merits of the appointment itself, but rather on the potential legal consequences flowing from the period of appointment, despite its termination. *See id*. at 871–72. The Court reasoned that, because Rule 1533 conditions a party's ability to recover damages on a determination that the appointment was "vacated because improperly made[,]" dismissal of the appeal would foreclose meaningful relief. *Id*. The Court further emphasized the *serious consequences* attendant to a receivership and that "[b]y dismissing the appeal as moot we would be foreclosing the appellants' rights to seek damages." *Id*. at 872.

That rationale applies with equal force here. In its appointment orders, the trial court expressly ordered that neither the temporary nor the permanent receiver was required to post security. A determination regarding the legality of that condition carries continuing legal significance and may affect the parties' rights and liabilities. *See id*. Where a court authorizes a receiver to act without first requiring the security mandated by Rule 1533(d), the legality of that authorization bears directly upon the parties' potential remedies and

exposure. *See id*. at 871. Thus, even though the temporary receivership ended upon the trial court's later orders appointing a permanent receiver, a ruling on whether the temporary appointment complied with the security requirements of the Rule has practical consequences beyond the mere expiration of the temporary receivership. Indeed, if this Court were to dismiss these appeals as moot, we would be foreclosing the rights of the Puleos and Lewisberry Partners to seek damages for actions taken by the temporary receiver during his appointment. Thus, because this Court can still grant relief that meaningfully affects the parties' rights, the appeals are not moot. We therefore proceed to review the issues presented.

The Puleos and Lewisberry Partners contend that the trial court erred as a matter of law by appointing a receiver without requiring the posting of security as mandated by Rule 1533(a) and (d). Appellate review of receivership orders considers "whether there has been an abuse of discretion by the lower Court, or an error or misapprehension of the law." *Tate v. Philadelphia Transp. Co.*, 190 A.2d 316, 323 (Pa. 1963).

We first address the contention by the Puleos and Lewisberry Partners that Rule 1533(a) applies to the appointment of the temporary receiver in these matters. Rule 1533(a) requires a plaintiff to provide security when a temporary receiver is appointed "***without notice***." Pa.R.Civ.P. 1533(a) (emphasis added). Subsection (a) is directed to situations in which a party seeks the appointment of a receiver without notice to the adverse party and obtains relief *ex parte*. The Puleos and Lewisberry Partners contend that

subsection (a) governs here because they did not receive the petition until after the trial court entered the orders appointing a temporary receiver.

We are not persuaded that subsection (a) applies in these circumstances. As indicated above, the record reflects that U.S. Bank served the petitions in accordance with the Rules of Civil Procedure. *See* Pa.R.Civ.P. 440(a)(1)-(2). Under Rule 440(b), "[s]ervice by mail . . . is complete upon mailing." Thus, for purposes of Rule 1533(a), the question is whether the appointment was entered *ex parte* without compliance with the service rules, not whether the opposing party physically received the mailing before the court acted. Where, as here, U.S. Bank served the petitions in accordance with the procedural rules prior to entry of the orders, the appointment is not "without notice" within the meaning of Rule 1533(a).

Additionally, the Puleos and Lewisberry Partners executed the Mortgage Documents, agreeing to the appointment of a receiver upon foreclosure "with notice." The record reflects that this procedure was followed, undermining their assertion that U.S. Bank secured the appointment *ex parte*. Moreover, the Puleos and Lewisberry Partners do not challenge the trial court's authority to appoint a receiver, as contemplated by the Mortgage Documents upon default. Accordingly, we conclude that subsection (a) does not control our analysis.

We now consider the application of subsection (d), which governs the security required of the receiver and applies to all receivers, temporary or permanent. It provides:

(d) Except as otherwise provided by an Act of Assembly, *a receiver, whether temporary or permanent, must give such security for the faithful performance of the receiver's duty as the court shall direct*. *A receiver shall not act until he or she has given the security required.*

Pa.R.Civ.P. 1533(d) (emphasis added).

Rule 1533(d) imposes a mandatory obligation on the receiver to post security. *See Levin*, 481 A.2d at 1189. The Rule's use of the word "must" leaves no discretion to dispense with security altogether; the trial court's discretion extends only to determining the amount and form of the security. *See id*. at 1188–89. The failure to require a receiver to post security constitutes legal error. *See id*.

The requirement for the posting of security stems from a recognition that a receivership is an extraordinary equitable remedy that transfers possession and control of property from its owner to a court-appointed fiduciary. *See Piscanio*, 379 A.2d at 872–73. Because a receiver is vested with authority to take control of property and act on behalf of the court, Rule 1533(d) requires security "for the faithful performance of the receiver's duty," and prohibits the receiver from acting until such security is given. Pa.R.Civ.P. 1533(d). As *Levin* makes clear, this requirement is mandatory absent an Act of Assembly providing otherwise. *See Levin*, 481 A.2d at 1188–89.

Further, although parties may contractually agree to the appointment of a receiver upon default, *see Metropolitan Life Ins. Co. v. Liberty Ctr. Venture*, 650 A.2d 887, 891 (Pa. Super. 1994), such agreements concern the

availability of the remedy, not compliance with the procedural requirements governing a court-appointed receivership. *See* Pa.R.Civ.P. 1533(d).

On appeal, the Puleos and Lewisberry Partners rely on *Levin*, asserting that Rule 1533(d)'s security requirement is mandatory and that contractual consent to a receivership does not permit a court-appointed receiver to act in contravention of the Pennsylvania Rules of Civil Procedure.

The trial court considered this issue but determined that because the Puleos and Lewisberry Partners contractually agreed to the appointment of a receiver, no security was required. The court reasoned:

> We have no appellate authority which requires [a] bond when there is a contractual agreement in place for the appointment of a receiver, whether temporary o[r] permanent. Further, [the Puleos and Lewisberry Partners have] not brought any such authority to our attention, either at the hearing or since the hearing. Where two parties contract for the appointment of a receiver, we do not see the need for [a] bond.

Trial Court Opinion, 4/7/25 at 6; *see also* Trial Court Opinion, 5/13/25 at 6.

Applying our standard of review, we conclude that the trial court committed legal error. *See Tate*, 190 A.2d at 323. We first acknowledge what is not in dispute. The Mortgage Documents expressly authorized the appointment of a receiver upon the filing of a foreclosure action. The Puleos and Lewisberry Partners do not now challenge the trial court's authority to appoint one. Contractual consent to the appointment of a receiver concerns the availability of that remedy; compliance with the procedural safeguards governing its implementation remains mandatory. *See Levin*, 481 A.2d at

- 13 -

1188-89; *see also Metropolitan Life Ins. Co.*, 650 A.2d at 891. While the Puleos and Lewisberry Partners agreed that a receiver could be appointed upon default, they did not agree to waive the security requirement imposed by Rule 1533(d). The two are distinct.

Rule 1533(d) provides that, "[e]xcept as otherwise provided by an Act of Assembly, a receiver, whether temporary or permanent, must give such security for the faithful performance of the receiver's duty as the court shall direct," and that a receiver "shall not act" until such security is given. Pa.R.Civ.P. 1533(d). As our Supreme Court explained in *Levin*, the Rule's use of the word "must" renders the posting of security mandatory; the trial court's discretion extends only to the amount and form of that security, not to whether it is required at all. *Levin*, 481 A.2d at 1188–89.

The mandatory language of Rule 1533(d) reflects the substantive safeguard it imposes. A receivership is an extraordinary equitable remedy that divests property owners of possession and control and places substantial authority in a court-appointed fiduciary. *See Piscanio*, 379 A.2d at 872–73. Here, the orders vested the receiver with exclusive control of assets exceeding eight million dollars and broad authority over rents, deposits, and property management. In such circumstances, the security required by Rule 1533(d) ensures funds are available in the event of mismanagement or breach of fiduciary duty. *See* Pa.R.Civ.P. 1533(d); *see also Piscanio*, 379 A.2d at 872–73.

Because no statutory exception applies here, the trial court lacked authority to permit the receiver to act without first posting security. **See Levin**, 481 A.2d at 1188–89. Once a court appoints a receiver — temporary or permanent — it is bound to comply with the Pennsylvania Rules of Civil Procedure governing receiverships. **See** Pa.R.Civ.P. 1533(d); **see also Levin**, 481 A.2d at 1188–89.

Accordingly, we affirm the appealed orders to the extent that they appointed a temporary receiver. We reverse those orders insofar as they excused the posting of security and remand for compliance with Rule 1533(d). The failure to require the posting of security contravenes Rule 1533(d), and compliance with that Rule is required on remand. The amount of such security shall be determined by the trial court in accordance with Rule 1533(d).

Orders affirmed in part and reversed in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>03/18/2026</u>